USCA1 Opinion

 

 September 30, 1992 [NOT FOR PUBLICATION] ____________________ No. 92-1048 MICHAEL A. LAU, Petitioner, v. UNITED STATES OF AMERICA, Respondent. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Juan M. Perez-Gimenez, U.S. District Judge] ___________________ ____________________ Before Breyer, Chief Judge, ___________ Campbell, Senior Circuit Judge, ____________________ and Selya, Circuit Judge. _____________ ____________________ Michael A. Lau on brief pro se. ______________ Daniel F. Lopez Romo, United States Attorney, and Antonio R. ______________________ ___________ Bazan, Assistant United States Attorney, on brief for appellee. _____ ____________________ ____________________ Per Curiam. Petitioner Michael Lau appeals from the ___________ denial of his motion under 28 U.S.C. 2255 for post- conviction relief. He alleges that his attorney rendered ineffective assistance by arguing a motion to suppress evidence in a deficient manner, and thereafter failing to raise the issue on appeal. We disagree, and therefore affirm. One portion of the suppression motion at issue here challenged the legality of a warrantless search of petitioner's apartment in the Netherlands Antilles, a search conducted by Dutch authorities with the participation of DEA agents. The general rule is that searches conducted by foreign officials are not subject to the Fourth Amendment and the exclusionary rule. See, e.g., United States v. Janis, ___ ____ _____________ _____ 428 U.S. 433, 456 n.31 (1976). There are two well- established exceptions to this rule: (1) where the conduct of foreign police shocks the judicial conscience; and (2) where American officers participated in the foreign search, or the foreign officers acted as agents for their American counterparts, thereby rendering the search a joint venture. See, e.g., United States v. Mitro, 880 F.2d 1480, 1482 (1st ___ ____ _____________ _____ Cir. 1989); United States v. Hensel, 699 F.2d 18, 25 (1st ______________ ______ Cir.), cert. denied, 461 U.S. 958 (1983). Petitioner claims ____________ that his counsel failed to recognize, and to argue to the -2- court, that the latter exception governed the search and seizure here. Having reviewed the record in some detail, we cannot agree that counsel's performance in prosecuting the motion to suppress fell below an "objective standard of reasonableness." Strickland v. Washington, 466 U.S. 668, 688 __________ __________ (1984). We find no support for the suggestion that counsel was unaware of the "joint venture" exception. Petitioner makes much of the fact that counsel acknowledged not having read Stonehill v. United States, 405 F.2d 738 (9th Cir. _________ ______________ 1968), cert. denied, 395 U.S. 960 (1969), one of the central ____________ cases addressing this issue. Yet this proves little; that opinion, issued fifteen years earlier by another Circuit, was only one of various decisions on the subject. (And, we might note, the court there upheld the denial of a suppression motion.) More to the point, most of counsel's questioning focused on this very issue--i.e., the extent to which the DEA agents participated in the search and in the selection of items to be seized. And in his argument to the court, counsel made specific reference to the Dutch authorities having conducted the search "at the direction, or at the request, or at the insistence of the DEA or Customs agents," and to their having acted as "agents" for the United States government. As we read it, counsel was thereby directly invoking the "joint venture" exception. -3- To be sure, counsel might have pressed the issue with greater vigor. Yet to the extent oral argument was truncated, that largely occurred at the behest of the district court, which manifested both a familiarity with the governing legal principles and a readiness to make a ruling. There can be little doubt that the court was cognizant of counsel's position on the matter. Under these circumstances, where the pertinent factual and legal issues both received an adequate airing, it cannot be said that counsel's performance rendered the hearing something less than a "reliable adversarial testing process." Strickland, 466 U.S. at 688. __________ Nor do we think that counsel acted unreasonably in declining to raise the Fourth Amendment issue on appeal. As evidenced by this court's opinion in the direct appeal, United States v. Lau, 828 F.2d 871 (1st Cir. 1987), cert. _____________ ___ _____ denied, 486 U.S. 1005 (1988), counsel had a number of ______ potentially viable issues to raise. Petitioner has done little to overcome the "strong presumption" that the decision to abandon the Fourth Amendment claim in favor of these other issues was "sound [appellate] strategy." Strickland, 466 __________ U.S. at 689. Indeed, given the other evidence of guilt, see ___ Lau, 828 F.2d at 872-73, counsel justifiably might have ___ determined that prevailing on the Fourth Amendment issue would have simply yielded a finding of harmless error. Moreover, counsel might well have regarded the Fourth -4- Amendment claim as of dubious merit. We need not decide the ultimate viability of that claim in order to so conclude. It suffices to note, contrary to petitioner's suggestion, that the issue is of less than compelling merit. Petitioner points to few cases actually applying the "joint venture" exception to searches on foreign lands; instead, he mostly distinguishes cases finding it inapplicable. The doctrinal foundations in this area continue to evolve. See, e.g., 1 W. ___ ____ LaFave, Search and Seizure 1.8(g), at 216-19 (1987). And __________________ the district court here, of course, ultimately found the claim meritless. To be sure, the Fourth Amendment issue here might well have been a good one. But "a good Fourth Amendment claim alone will not earn a prisoner federal habeas relief. Only those habeas petitioners who can prove under Strickland that they have been denied a fair trial [or __________ appeal] by the gross incompetence of their attorneys will be granted the writ ...." Kimmelman v. Morrison, 477 U.S. 365, _________ ________ 382 (1986). We find no gross incompetence, either at trial or on appeal, on the part of petitioner's counsel. Affirmed. _________ -5-